No. 517

First Circuit

————

McGEHEE v. HINES

————

(December 3, 1929.   Opinion and Decree.)

————

Daspit, Huckabay & Blanche, of Baton Rouge, attorneys for plaintiff, appellee.

J. Oliver Bouanchaud, of Baton Rouge, attorney for defendant, appellant.

ELLIOTT, J.   The Louisiana highway commission, engaged in grading the highway known as the Bayou Sarah road, 10 or ·15 miles north of Baton Rouge, was using for the purpose a motor truck and two graders, one of which was being pulled by the truck behind the other.   The road machinery was moving along the road southward toward Baton Rouge; the rear or hindmost grader operated by the plaintiff, Thaddis A. McGehee.

The defendant, driving his automobile on the road in the same direction, overtook the grading outfit and collided with it.

The plaintiff alleges:   That defendant, driving negligently, carelessly, recklessly, and at a dangerous and rapid rate of speed, drove his automobile head on into the back end of the rear grader, which he was operating, striking it with such force and violence that plaintiff was thereby forced to change his position on the machine. That defendant did not cut off his motor at the time of the first collision, with the result that his automobile struck again, this time hitting plaintiff on the hip. That plaintiff suffered, as a result of the blow, the dislocation of a bone in his back and a strain of the ligaments.   That he is required to wear a belt and brace in order to keep his injured members in proper place.   That his injury is permanent and has incapacitated him from doing heavy manual labor.   That he has suffered severe physical pain and lost wages, all on account of his injury received as above said.

Defendant, in his answer, admits that a

collision between his automobile and the grader operated by plaintiff took place, but denies the fault, negligence, and recklessness alleged against him. He denies that plaintiff was injured, and, if injured, the extent of same.

The evidence of the plaintiff and his witnesses and that of the defendant and his witness is conflicting in regard to the main facts of the case. The defendant, as a witness, denied that plaintiff was struck and injured as the result of the collision, but subsequently, on cross-examination, admitted having done so:

"Q. You are positive, when your car struck that grading machine, Mr. McGehee was sitting down?
"A. Mr. McGehee was resting on something on that machine when I hit him."

The testimony of the plaintiff, supported by his fellow workers, and the conflicting denial and admission of the defendant, leads to the conclusion that plaintiff was struck by defendant substantially as alleged in his petition.

Defendant contends, as a witness, that the grader which the plaintiff was operating was on the left-hand side of the road, and that same obstructed his passage on both sides of the road. We are satisfied that this was not the case. Both sides of the road are not ordinarily graded at the same time.

The plaintiff and his fellow workers testify, and the facts and circumstances indicate, that the road machinery occupied at the time the western half of the road in the direction it was moving. Defendant was driving on right-hand side of the road, which was the proper side for him in the direction he was going. He had seen the grading outfit in the road ahead of him for nearly a mile before he came up to it;

therefore he should have turned to the left before reaching it and passed it on that side. The road was about 20 feet wide and the left-hand side was open; there was ample space for him to pass it on that side.

It was defendant's duty, when he saw this heavy, slow-moving road machinery on the right-hand side of the road ahead of him in the direction he was going, the plaintiff standing upon the rear end of the rear grader, to get his machine under control in ample time, and get over on the left-hand side of the road before he got to it. He testifies that he applied his brakes, and that his automobile skidded under them into the road machine. The fact is he was driving too fast, and did not get his car under control as he approached the road machinery in front of him.

The evidence justifies the conclusion that, although the necessity for such action was apparent, defendant took no precaution, but carelessly and negligently, driving too fast and without having his automobile under control, ran into the rear end of the rear grader, striking it a heavy blow. The blow knocked plaintiff from his position on the machine, and in falling he received the injury in the sacro-iliac region, of which he complains.

Defendant contends, very seriously, that plaintiff was not injured as a result of the collision in question. We find that he was injured very badly, and that it was the result of the collision with plaintiff's automobile, and that same was caused by the fault and negligence of the defendant.

There was judgment in favor of the plaintiff on account of his injuries for $1,200. The defendant contends that this amount is excessive.

The plaintiff has answered the appeal, and prays that the amount be increased to $2,544.

The district judge had the plaintiff before him. Under the evidence, we do not feel that we can safely interfere with the amount allowed. Our conclusion is that the judgment appealed from should remain as rendered in the lower court.

Judgment affirmed. Defendant and appellant to pay the cost in both courts.